# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**SEALED**

| United States of America | ) |
|---|---|
| v. | ) |
| BLAKE BRANDON | ) Case No. 1:26-mj-00011-SAB |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

**FILED**
Jan 22, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **November 26, 2025** in the county of **Fresno** in the **Eastern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm<br><br>Maxmium Penalties:<br>15 Years in Prison<br>$250,000 Fine<br>3 Years Supervised Release<br>$100 Special Assessment |

This criminal complaint is based on these facts:

See Affidavit of Special Agent Yessie Hernandez, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

*/s/ Yessie Hernandez*
*Complainant's signature*

Yessie Hernandez, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **Jan 22, 2026**

*/s/ Stanley A. Boone*
*Judge's signature*

City and state: Fresno, California    Hon. Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
United States Attorney
CHAN HEE CHU
ROBERT VENEMAN-HUGHES
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CASE NO.

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Yessie Hernandez, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION

1. This affidavit is in support of a complaint and arrest warrant for Blake Brandon for being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

## II. AFFIANT'S BACKGROUND

2. I am a Task Force Officer with the Federal Bureau of Investigations, hereinafter referred to as the "FBI", presently assigned to the Sacramento Division, Fresno Resident Agency, duly sworn and deputized in accordance with United States Code Title 18 and Title 21. As a Task Force Officer, I am authorized by law and by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal

AFFIDAVIT

criminal laws.

3. I am also employed as a sworn full-time peace officer for the Fresno Police Department and have been so since December 2015. As part of the Fresno Police Department, I am currently assigned to the Multi-Agency Gang Enforcement Consortium which investigates organized crime, gangs, violent crime, drug traffickers, human traffickers, and the sale and manufacturing of illegal firearms. In support of this role, I have attended specialized training put on by the FBI, California Department of Justice, Multi-Agency Gang Enforcement Consortium, California Gang Investigators Association, Southern California Gang Conference, and California Narcotics Officer Association. Throughout my law enforcement career, I have attended additional training and conducted investigations relating to criminal street gangs, organized crime, violent crimes, firearms, controlled substances, and other areas of law enforcement.

4. Through my training and experience, I am familiar with the identification of various firearms and firearms parts. I am also familiar with the various methods used by individuals to obtain, possess, manufacture, transport, and/or sell firearms. I am also familiar with the *modus operandi* of individuals engaging in such conduct as it pertains to the illegitimate use of proceeds obtained by such conduct in violation of federal law. These methods include the use of telephones, cellular telephones, wireless communication technology, counter surveillance, elaborately planned smuggling schemes tied to legitimate businesses, false or fictitious identities, and the use of coded or vague communications in text message format designed to thwart law enforcement. I have also interviewed firearms distributors and have discussed with them the lifestyle, appearances, habits and methods of firearms distribution and trends.

5. I am familiar with the facts and circumstances of this investigation from discussions with detectives, agents of the FBI and other law enforcement officers who are also actively involved in the investigation, and from my own review of records, and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another agent, law enforcement officer or witness who had either direct or hearsay knowledge of that statement and to whom I or others have

AFFIDAVIT

spoken or whose reports I have read and reviewed.

6. Because this Affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant for the individual set forth above, I have not included each and every fact known to me concerning this investigation.

### III.    APPLICABLE LAW

7. Title 18, United States Code, Section 922(g)(1), makes it unlawful for any person "who has been convicted in any court" of "a crime punishable by imprisonment for a term exceeding on year" to "possess in or affecting commerce, any firearm or ammunition."

### IV.    PROBABLE CAUSE

8. On November 25, 2025, a detective assigned to the Multi-Agency Gang Enforcement Consortium discovered videos of an individual displaying a firearm while in a vehicle on the Instagram account "Casper.Calwa." Detectives identified the individual displaying firearms on the video, and the apparent owner/user of the account, as Blake Brandon, hereinafter referred to as "**BRANDON**," based on other photographs on the account, including by identification of the individual's tattoos.

9. In the video in question, **BRANDON** can be seen in possession of a black handgun, with an extended magazine and light, in his lap while operating a motor vehicle.

 

AFFIDAVIT

10. Based on a review of **BRANDON**'s posts on the account Casper.Calwa, detectives believed **BRANDON** to be driving a Nissan Altima with a tan interior and possibly a gold exterior.

11. On November 26, 2025, detectives communicated with **BRANDON** via an undercover Instagram account and convinced **BRANDON** to hang out that afternoon at 1550 East Church Avenue Fresno, California. Prior to meeting with **BRANDON**, detectives determined that **BRANDON** was subject to Post-Release Community Supervision, including search conditions stating, "You, your residence and any other property under your control may be searched without a warrant day and night by any agent of the supervising county, any peace officer, or law enforcement officer."

12. At or around 4:30 p.m. or shortly thereafter, detectives observed a vehicle matching **BRANDON**'s Nissan Altima near the meeting location, around East Church Avenue and South Elm Avenue. The vehicle was equipped with dark window tint, in violation of California Vehicle Code, Section 26708(a)(1). Because of the dark window tint, detectives were unable to identify the driver at the time.

13. At about 4:35 p.m., **BRANDON** messaged undercover detectives and told them that he had arrived in front of the meeting location. At the time of the message, detectives observed the same Nissan Altima matching **BRANDON**'s vehicle identified earlier parked in front of 1550 East Church Avenue, Fresno. The Nissan Altima had a California license plate 9JMR955. Detectives ran the plate and the Nissan Altima came back registered to **BRANDON**.

14. The detective who had messaged **BRANDON** to meet then instructed other detectives to conduct a traffic stop based on the violation and California Vehicle Code, Section 26708(a)(1), and also for a search based on **BRANDON**'s Post-Release Community Service search conditions.

15. At or around 4:42 p.m., detectives contacted **BRANDON**, the driver and sole occupant of the Nissan Altima. Initially, no contraband was located from a search of the vehicle, despite the use of a canine officer trained to detect firearms and ammunition. Detectives,

however, found a small baggie of a white crystal-like substance believed to be methamphetamine in **BRANDON**'s right front pocket.

16. One of the detectives then spoke with **BRANDON** who provided consent to search his cell phone for firearm related evidence. In consenting, **BRANDON** opened his phone by inputting a numeric password and utilizing biometrics to unlock the device. **BRANDON** never withdrew consent although the detective reviewing the phone did so in his presence, standing next to **BRANDON**. **BRANDON** also expressed his belief that his search conditions allowed for a search of his cell phone.

17. When the phone was unlocked and being searched, the detective found a video of **BRANDON** possessing the same firearm he was seen possessing on Instagram. **BRANDON**, however, told detectives the firearm was a bb gun. In searching the cellphone, the detective also found a video of **BRANDON** looking for hiding spots for a gun in his house in Kingsburg, California.

18. Based on the videos located on **BRANDON**'s phone, detectives believed **BRANDON** may have concealed his firearm in his vehicle in a hiding spot and conducted a secondary, more thorough search of **BRANDON**'s vehicle. At the conclusion of the second search, detectives located a plastic container under the hood containing 10 live rounds of .40 caliber ammunition, an additional bag of a white crystal-like substance of suspected methamphetamine in the sunroof /headliner area, and a Smith and Wesson M&P Shield 40 S/N: HUE0362 loaded with 7 rounds. The Smith and Wesson matched the firearm **BRANDON** possessed in the videos on Instagram and his cell phone.

19. During the search of the vehicle, **BRANDON** appeared to suffer from a medical emergency, potentially due to the ingestion of narcotics. Detectives requested emergency medical services and **BRANDON** was transported to a hospital where he was later cleared to be booked into jail. At this hospital, detectives mirandized **BRANDON** who thereafter made several statements. **BRANDON** did not take clear ownership of the firearm and disclaimed knowledge of the ammunition but admitted to possessing the methamphetamine for personal use.

AFFIDAVIT

**BRANDON** also acknowledged that he was not allowed to possess firearms.

20. I have reviewed **BRANDON**'s records of arrest and prior convictions by checking Fresno County Superior Court records and federal criminal history records, which showed that **BRANDON** has been convicted of several felonies in the State of California, punishable by more than a year of imprisonment. Specifically, **BRANDON** had been previously convicted of, *inter alia*, the following felonies: (1) being a felon or addict in possession of a firearm, in violation of California Penal Code Section 29800(a)(1); and (2) receiving known stolen property in violation of California Penal Code Section 496(a).

21. On January 21, 2026, I contacted Smith and Wesson Customer Service and provided them with the firearm information, including the serial number, for the firearm recovered from **BRANDON**'s vehicle on November 26, 2025. A Smith and Wesson Customer Employee confirmed that the firearm was not manufactured in California. Based on my training and experience, this confirmation by Smith and Wesson Customer Employee led me to believe and conclude that the firearm found in **BRANDON**'s vehicle traveled through interstate commerce.

### V. CONCLUSION

22. Based on the facts and circumstances described in this Affidavit, there is probable cause to believe that **Blake BRANDON** unlawfully possessed a firearm, despite being previously convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

*Yessie Hernandez*
Yessie Hernandez
Task Force Officer
Federal Bureau of Investigation

AFFIDAVIT

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3) on __**Jan 22, 2026**__.

_____
Hon. Stanley A. Boone
United States Magistrate Judge

Reviewed as to form.

 /s/ *Chan Hee Chu*
CHAN HEE CHU
Assistant U.S. Attorney